



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed May 25, 2011**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 10-36029-SGJ-7 |
| MARY MORRIS, | § | |
|     Debtor(s) | § | |
| | § | |
| MARY MORRIS | § | |
| | § | ADVERSARY NO.10-03410-SGJ |
|     Plaintiff | § | |
| VS. | § | |
| | § | |
| CYNTHIA WOOLEN ALLEN | § | |
| | § | |
|     .    Defendant | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER THEREON**

I. FINDINGS OF FACT

1. Plaintiff Mary Morris ("Plaintiff" or "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 31, 2010, Case No. 10-36029-SGJ.

2. Plaintiff filed her *Complaint of Debtor Mary Morris to Determine Dischargeability of Debt* (the "Complaint") initiating adversary proceeding number 10-3410-SGJ against Cynthia Woolen Allen ("Defendant") on December 3, 2010.

3. The claim at issue in this adversary proceeding consists of $12,500.00 in attorneys' fees incurred by the Debtor's former spouse Weldon Morris (the "Former Spouse") in

1

a family court matter and enforceable by Defendant in her own name.

4. Plaintiff and the Former Spouse were divorced on or about April 26, 2004 by entry of the Final Decree of Divorce in the 255th Judicial District Court of Dallas County, Cause No. DF01-23236-S Dallas County, Texas (the "Divorce Decree"). [C. Morris Exhibit 1.]

5. Some of the assets awarded to the Former Spouse in the Divorce Decree included the following real properties (the "Rental Properties"):

    A.    3204 Little River, Dallas Texas;
    B.    2401 Arlington Drive, Lancaster, Texas;
    C.    1235 E. Woodin, Dallas, Texas; and
    D.    660 The Meadows, Dallas, Texas;

and

    E.    50 % interest in each of the Debtor's retirement accounts through the Debtor's the City of Dallas. [Id. at pgs. 12-14]

6. The parties were ordered to execute and deliver all instruments necessary to effect the provisions of the Divorce Decree. [Id. at p. 20].

7. At the time of the divorce the Former Spouse was unemployed and receiving disability income. The award of assets was necessary for the Former Spouse's support and maintenance.

8. Defendant was retained by the Former Spouse to file a post-divorce enforcement proceeding against the Debtor for violations of the Divorce Decree. [C. Allen Exhibit 2], [C. Allen Exhibit 5].

9. Defendant filed several motions for enforcement in the State Court and ultimately secured the entry of a *Partial Judgment on Petitioner's Weldon Morris' Motion to Clarify, Motion to Reopen Hearing and Motion to Reopen Evidence* (the "Partial Judgment"). [C. Allen Exhibit 6.]

10. The Former Spouse was awarded a claim of $81,669.64 against the Debtor plus post judgment interest and court costs. Id. In addition, the Court awarded the Former Spouse $12,500.00 for attorneys' fees incurred in the enforcement proceeding. Id. The recovery of attorneys' fees is enforceable by the Defendant in her own name. Id.

11. The Former Spouse has paid Defendant some but not all of the attorneys' fees owed to her. The Defendant still represents the Former Spouse in the State Court Matter.

## II.    CONCLUSIONS OF LAW

12. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

13. This case raises issues under 11 U.S.C. § 523 (a)(5) and 11 U.S.C. § 523(a)(15).

14. Pursuant to 11 U.S.C. § 523

> (a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt –
> …
>> (5) for a domestic support obligation
>
>> or;
>> …
>> (15)    to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

15. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, 119 Stat. 23 (2005), ("BAPCPA") substantially revised section 523(a)(5) and added language to section 523(a)(15).

16. As the Court noted in In re Brooks, both section 523(a)(5) and (15) illustrate "Congress' balance[ing] two public policies … the Bankruptcy Code's purpose of providing a

3

fresh start to a deserving debtor; and the importance of the debtor's obligation to his family. 371 B.R. 761, 766 (N.D. Tex. 2007) (citing Marrama v. Citizens Bank, 549 U.S. 365, 127 S. Ct. 1105, 1109, 166 L.E.d.2d 956 (2007)). Both provisions work together to prevent the non-debtor spouse from being "left out of pocket because of a debtor's bankruptcy filing". Id at 767.

17. The Court concludes that BAPCPA was meant to expand the universe of divorce related debts excepted from discharge under 11 U.S.C. § 523(a)(5) and 11 U.S.C (a)(15). *See also* In re. Kearney, 433 B.R. 640, 645 (S.D. Tex. 2010).

18. The Plaintiff argues that because the attorneys' fees contained in the Partial Judgment are directed to the Defendant, the exceptions under 11 U.S.C. §§ 523(a)(5) and (15) do not apply. The Plaintiff relies on Brooks as support for her argument that this Court should adopt and apply the plain meaning of the Bankruptcy Code. The Plaintiff argues that since the Defendant is not a "spouse," "former spouse," or "child" of the debtor, the exceptions do not apply.

19. The Court concludes that the true focus here is on the nature of the debt and not to whom the debt is owed. The majority of cases since Brooks have rejected the literal interpretation of section 523(a)(15) and (15) and have expanded the statutory language to cover the attorneys of the former spouse on the basis that the former spouse's expenses of collection are part of the underlying obligation and the debt is actually owed to the former spouse. See In re Koscielski, 2011 Bankr. LEXIS 382 *3 (N.D. Ill.) (rejecting literal interpretation of statute and specifically finding that the award of attorney's fees, even if awarded to the attorneys, was a right that belonged to the former spouse to have the fees paid on her behalf or to reimbursement under 11 U.S.C. §§ 523(a)(5) and (15).

20. While the Court acknowledges <u>Brooks</u>, the Court concludes that the award of attorneys' fees belongs to the Former Spouse for reimbursement of the debt he incurred in prosecuting the post-divorce enforcement action.

21. The Defendant is named as awardee of the fees simply as a result of provisions of the Texas Family Code authorizing the recovery of attorneys' fees in an enforcement proceeding and permitting the attorney to recover those fees in her own name. <u>See</u> Texas Fam. Code. 9.004 (Vernon 2006). In fact, the Defendant can seek to recover independently from the Former Spouse if she so chooses.

22. Therefore notwithstanding the award of attorneys' fees to the Defendant set forth in the Partial Judgment, the Court concludes that the award represents a debt of the Former Spouse that the Debtor is obligated to pay or to reimburse and is non-dischargeable under §523(a)(5) or §523(a)(15) of the Bankruptcy Code.

### C. ORDER AND JUDGMENT OF THE COURT

23. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the debt owed to Cynthia Allen in respect of Weldon Morris' attorneys' fees as set forth in the *Partial Judgment on Petitioner Weldon Morris' Motion to Clarify, Motion to Reopen Hearing and Motion to Reopen Evidence* is NONDISCHARGEABLE IN ALL RESPECTS pursuant to 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(15);

24. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the relief requested by the Plaintiff in her Complaint is DENIED IN ALL RESPECTS.

25. The Court reserves the right to supplement or amend its ruling.

### END OF ORDER###

Prepared by:

/s/ Kerry S. Alleyne-Simmons
SBN: 24066090
Law Office of Kerry S. Alleyne-Simmons
2340 E. Trinity Mills Road
Suite 300
Carrollton, TX 75006
Attorney for Cynthia Allen


Approved as to Form:

_____
Bonnie L. Johnson
Attorney at Law
SBN: 12369500
6116 Central Expressway
Suite 110
Dallas, TX 75206
Attorney for Debtor/Plaintiff